UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LARRY D. BEST, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | )  CAUSE NO. 1:05-CV-375-TS |
| v. | ) |
| | ) |
| MARK BARNETT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Larry D. Best, Jr., by counsel, submitted a complaint. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a complaint where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Best alleges that he was subjected to malicious prosecution when he was arrested on an invalid warrant. In *Whiteley v. Warden*, 401 U.S. 560, 568 (1971), the Supreme Court said that officers may treat information that a warrant is outstanding for a suspect's arrest as presumptively correct. *See also United States v. Hensley*, 469 U.S. 221, 232 (1985) ("In such a situation, of course, the officers making the stop may have a good-faith defense to any civil suit.") In *Capone v. Marinelli*, 868 F.2d 102 (3d Cir. 1989), the court held that a police officer who reasonably relied on a bulletin informing him of the existence of a warrant was entitled to qualified immunity for unlawful arrest and prosecution. Though this complaint does not explicitly allege that the officer's reliance on the warrant was not in good faith or that unusual circumstances existed which indicated to the officer that the warrant was invalid, on the basis of this complaint, it is reasonable to infer such allegations. Therefore the complaint states a claim.

For the foregoing reasons, the Court:

(1)  DIRECTS the clerk to file the complaint;

(2)  DIRECTS the clerk to sign and seal the summons and return them to plaintiff's counsel;

(3)  ORDERS plaintiff's counsel to include a copy of this Order with the summons and complaint served on the defendants; and

(4)  ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure.

SO ORDERED on January 11, 2006.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT